## DAVID SEARS *vs.* CITY OF BOSTON.

A native inhabitant of Boston, intending to reside in France with his family, departed for that country in June, 1836, and was followed by his family about three months afterwards. His dwellinghouse and furniture were leased for a year, and he hired a house for a year, in Paris. At the time of his departure he intended to return and resume his residence in Boston, but had not fixed on any time for his return. He returned in about sixteen months, and his family in about nine months afterwards. *Held*, that he continued to be an inhabitant of Boston, and that he was rightly taxed there, during his absence, for his person and personal property.

ASSUMPSIT to recover back money paid upon compulsion, in discharge of a tax for the year 1837, assessed on the person and personal property of the plaintiff by the city assessors. The parties submitted the case to the decision of the court upon the following statement of facts :

The plaintiff, on the 1st of June, 1836, was, and for many years prior to that time, had been, an inhabitant of the city of Boston. On that day, he left said city, with the intention of residing, with his family, in Paris, in the kingdom of France. All the members of his family followed him in September of the same year, and his dwellinghouse, with its furniture, was leased for one year.

The plaintiff, at the time of his departure for France, intended to resume his residence in Boston, but he had not determined, or thought of, the particular time of his return. It was his expectation to be absent three years at least, and to remain, with his family, stationary in Paris, in which city he hired a dwellinghouse for one year. The state of commercial affairs in this country induced the plaintiff to return to Boston in October, 1837, and his family returned in July, 1838. On the 1st of May, 1837, the plaintiff was assessed, by the city assessors, for his poll and personal estate in the taxes laid for that year, and he paid the tax to the city collector, upon compulsion. Prior to the assessment of said tax, viz. on the 29th of March, 1837, the authorized agent of the plaintiff delivered the following notice to the assessors of said city : " The undersigned, as agent of David Sears, and in his behalf, informs you that Mr. Sears with his family removed from this city, and leased his mansion house, nearly a year since. He has ever since continued, and still continues absent with his family. This notice is given to enable you, before the assessment of taxes for the current year, to un derstand that Mr. Sears will not consider himself chargeable with taxes as an inhabitant of, or resident in, Boston."

It was agreed that judgment should be rendered for the plaintiff, or that he should become nonsuit, according to the opinion of the court, as to his liability to pay said tax.

*W. D. Sohier*, for the plaintiff.

*J. Pickering* (City Solicitor), for the defendants.

SHAW, C. J.   This action is brought to recover a sum of money paid, under a compulsory process, as a tax upon the poll and personal property of the plaintiff, for the year 1837, whilst he was in fact residing in Paris. The question is, upon the facts agreed, whether he was an inhabitant liable to taxation. By the provisions of the Rev. Sts. c. 2, § 6, clause 7th, the word inhabitant, as used in the statutes, may be construed to mean a resident in any city or town.

Actual residence, that is, personal presence in a place, is one circumstance to determine the domicil, or the fact of being an inhabitant ; but it is far from being conclusive. A seaman on a

long voyage, and a soldier in actual service, may be respectively inhabitants of a place, though not personally present there for years. It depends, therefore, upon many other considerations, besides actual presence. Where an old resident and inhabitant, having a domicil from his birth in a particular place, goes to another place or country, the great question whether he has changed his domicil, or whether he has ceased to be an inhabitant of one place and become an inhabitant of another, will depend mainly upon the question, to be determined from all the circumstances, whether the new residence is temporary or permanent; whether it is occasional, for the purpose of a visit, or of accomplishing a temporary object; or whether it is for the purpose of continued residence and abode, until some new resolution be taken to remove. If the departure from one's fixed and settled abode is for a purpose in its nature temporary, whether it be business or pleasure, accompanied with an intent of returning and resuming the former place of abode as soon as such purpose is accomplished; in general, such a person continues to be an inhabitant at such place of abode, for all purposes of enjoying civil and political privileges, and of being subject to civil duties.

Taking the facts as submitted to the court, in the present case, we are all of opinion that they indicate a casual and temporary departure of the plaintiff from his place of permanent abode, and that he still continued to be an inhabitant of Boston, liable to be taxed for his poll and personal property. Most of the circumstances point to Boston as the fixed place of his abode, and to Paris as a place of temporary residence. Here he was born and educated, and acquired his property. Here was his dwellinghouse; and though leased during his absence, it was with the furniture, and for a very short term, so that his family establishment could be resumed on his return. But the very strong circumstance which characterizes this case is, that at the time of the plaintiff's departure, it was his intention to resume his residence in Boston. It indicates that Paris was a place of temporary and not of permanent abode, and that he did not relinquish his domicil, or cease to be an inhabitant of Bos-

ton. Had he returned to Boston a few days before a town meeting or an election, we think he would have had a right to attend and vote as an inhabitant, in the same manner as if he had not been absent. He would have been in the same situation, in this respect, as a soldier, or mariner, or other person temporarily absent from his home, for purposes of business or pleasure.

The circumstance of the plaintiff's taking a house in Paris for one year — it not appearing he engaged, or that it was his intention to engage, in any business or occupation abroad — is not sufficient to control the other circumstances tending to show that Paris was a place of a temporary visit, and not of a permanent residence ; that he was there as a sojourner, and not as an inhabitant.

Each case of this description depends so much upon its own circumstances, that it is difficult to find authorities for any thing more than a few general positions, which are plain and well understood. We think this case is distinguishable from that of *Thorndike* v. *City of Boston* (*ante,* 242), in this, that in that case, at the time of the departure of the plaintiff from Boston, it was his declared intention not to return and resume his residence This was strengthened by proof of preferences previously and frequently declared in favor of a foreign permanent residence and abode, and by a declared purpose, after taking up a residence at Edinburgh, not to return to Boston. In the present case, there was, at the time of the departure of the plaintiff from Boston, an intention to return and resume his residence in Boston, though at no fixed period, accompanied with circumstances indicating a temporary and not a permanent residence in Paris. The court are therefore of opinion that the plaintiff continued to be an inhabitant of Boston, liable by law to taxation, and that he is not entitled to recover back the money paid as a tax upon his person and personal property.

*Plaintiff nonsuit.*